■ In the Matter of JUAN C. RUIZ et al., Appellants, v LUIS RIVERA, Respondent. [751 NYS2d 752] —In a child custody proceeding pursuant to Family Court Act article 6, the petitioner grandparents appeal from (1) so much of an order of the Family Court, Westchester County (Morales-Horowitz, J.), dated June 17, 2002, as awarded custody to the father in accordance with the terms of a stipulation entered into by the parties, (2) so much of an order of the same court, also dated June 17, 2002, as, after a hearing, denied the grandparents' motion to vacate the terms of the stipulation, and (3) an order of the same court also dated June 17, 2002, which, after a hearing, denied the grandparents' motion to stay the enforcement of the order awarding custody to the father.

Ordered that the appeal from the order dated June 17, 2002, granting custody to the father is dismissed, as no appeal lies from an order entered on the stipulation of the parties (*see Katz v Katz,* 68 AD2d 536; *Kalra v Kalra,* 170 AD2d 579); and it is further,

Ordered that the order dated June 17, 2002, denying the motion to vacate the terms of the stipulation is reversed insofar as appealed from, on the law, the motion is granted, the order granting custody to the father is vacated, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith; and it is further,

Ordered that the appeal from the order dated June 17, 2002, denying the petitioner's motion for a stay is dismissed, as that order is not appealable as of right and leave to appeal has not been granted (*see* Family Ct Act § 1112), and, in any event, the appeal from that order has been rendered academic; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appellants Juan Carlos Ruiz and Nury Ruiz (hereinafter the grandparents), with counsel present, entered into a stipulation in open court settling a dispute for custody of their two grandchildren with the children's father, Luis Rivera. The grandparents later moved to vacate the stipulation, inter alia, on the ground of mistake.

Stipulations of settlement, especially those made in open court, are favored by the courts and not lightly cast aside (*see Hallock v State of New York,* 64 NY2d 224, 230; *Burkart v Burkart,* 182 AD2d 798). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York, supra* at 230; *Matter of Frutiger,* 29 NY2d 143, 149-150). The grandparents demonstrated that the stipulation of settlement should be vacated on the ground that it was entered into based upon a material mistake due to inaccurate comments made by the Law Guardian to the grandparents' counsel.

The matter is remitted to the Family Court, Westchester County, for a hearing to determine the issue of custody in the best interests of the children. S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.