# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

351
CA 12-01192
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

JOSEPH C. HALE, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

MEADOWOOD FARMS OF CAZENOVIA, LLC, MARC P.
SCHAPPELL AND THOMAS B. ANDERSON,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

ALEXANDER & CATALANO, LLC, SYRACUSE (WILLIAM P. SMITH, JR., OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, CAMILLUS (JAMES J. GASCON OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (James
P. Murphy, J.), entered January 3, 2012. The order, inter alia,
granted defendants' cross motion for summary judgment dismissing the
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of the cross
motion for summary judgment dismissing the Labor Law § 240 (1) claim,
and reinstating that claim, and as modified the order is affirmed
without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries that he sustained when
a ladder fell from the roof of a barn and knocked him from another
ladder on which he was standing. In appeal No. 1, he appeals from an
order that, inter alia, denied his motion for partial summary judgment
on the Labor Law §§ 240 (1) and 241 (6) claims, and granted
defendants' cross motion for summary judgment dismissing the Labor Law
§ 240 (1) claim. In appeal No. 2, he appeals from an order denying
his motion seeking leave to renew and reargue his motion to settle the
record in appeal No. 1 to include additional documentation.

In appeal No. 1, we agree with plaintiff that Supreme Court erred
in granting defendants' cross motion with respect to the Labor Law §
240 (1) claim. We therefore modify the order in appeal No. 1
accordingly. Contrary to the court's conclusion, defendants failed to
meet their initial burden on their cross motion of establishing as a
matter of law that the homeowner exemption contained in the statute
applies to them. We likewise reject plaintiff's contention that he

was entitled to summary judgment with respect to that issue.  In pertinent part, the statute imposes liability for injuries arising from certain construction site accidents upon "contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work" (§ 240 [1]).  "The homeowner exemption, which was added to Labor Law § 240 (1) . . . in 1980, was 'intended by the Legislature to shield homeowners from the harsh consequences of strict liability under the provisions of the Labor Law [and] reflect[s] the legislative determination that the typical homeowner is no better situated than the hired worker to furnish appropriate safety devices and to procure suitable insurance protection' " (*Dineen v Rechichi*, 70 AD3d 81, 83-84, *lv denied* 14 NY3d 703, quoting *Bartoo v Buell*, 87 NY2d 362, 367).  The Court of Appeals has cautioned, however, against applying "an overly rigid interpretation of the homeowner exemption and [instead has] employed a flexible 'site and purpose' test to determine whether the exemption applies" (*Bartoo*, 87 NY2d at 367-368; *see Cannon v Putnam*, 76 NY2d 644, 650).  Thus, "when an owner of a one- or two-family dwelling contracts for work that directly relates to the residential use of the home, even if the work also serves a commercial purpose, that owner is shielded by the homeowner exemption from the absolute liability" of Labor Law § 240 (*Bartoo*, 87 NY2d at 368).

Here, plaintiff alleged that he fell from a ladder while reconstructing a barn that defendants purchased and were having rebuilt on their property in Cazenovia.  The property on which the barn was rebuilt consisted of several smaller parcels of land that had comprised an estate of approximately 350 acres in the early 1900s.  Marc P. Schappell and Thomas B. Anderson (collectively, individual defendants), the sole shareholders of defendant Meadowood Farms of Cazenovia, LLC (Meadowood LLC), purchased the parcels in their individual capacities as part of their plan to restore the estate to its original size.  The individual defendants had rehabilitated the estate's main residence, which was situated on the west end of the combined property, and they occasionally resided there.  The property contained several other residences, including one that was used by the manager of Meadowood LLC as part of her employment compensation.  The residence of that manager was on the east end of the combined property, approximately a quarter of a mile away from the residence of the individual defendants.  Furthermore, deeds in the record establish that the parcel containing the manager's residence is on a street different from the parcel containing the individual defendants' residence.  The individual defendants testified that they did not know whether they purchased the barn itself in their individual capacities or through Meadowood LLC.  Heritage Structural Renovation, Inc. (Heritage), plaintiff's employer at the time of the accident, was subsequently hired to disassemble the barn and reconstruct it on the aforementioned property, but we conclude that there is conflicting evidence in the record with respect to whether Heritage entered into a contract with the individual defendants or Meadowood LLC.  The barn was situated near the residence of Meadowood LLC's manager, along with several other barns that were used in the commercial operations of Meadowood LLC.  The individual defendants testified at their depositions that the barn at issue was to be used in part for

Meadowood LLC's commercial operations, but they also submitted affidavits in support of the cross motion in which they averred that they had purchased it solely for historical preservation purposes.

Although the inconsistencies between the individual defendants' deposition testimony and their affidavits submitted in support of the cross motion do not appear to "constitute[] an attempt to avoid the consequences of [their] prior deposition testimony by raising feigned issues of fact" (*Shpizel v Reo Realty & Constr. Co.*, 288 AD2d 291, 291), we conclude that those inconsistencies present credibility issues that must be resolved at trial (*see Godlewski v Carthage Cent. Sch. Dist.*, 83 AD3d 1571, 1572; *Palmer v Horton*, 66 AD3d 1433, 1434; *Dietzen v Aldi Inc. [New York]*, 57 AD3d 1514, 1514). Consequently, there remains "an issue of fact as to the commercial versus residential nature of the improvements . . . All in all, neither party was entitled to summary judgment on the exemption issue on this record" (*Mandelos v Karavasidis*, 86 NY2d 767, 769; *see Davis v Maloney*, 49 AD3d 385, 386).

With respect to appeal No. 2, plaintiff contends that the court erred in denying his motion for leave to reargue or renew his prior motion to settle the record in appeal No. 1. It is undisputed, however, that plaintiff stipulated to settle the record in appeal No. 1 prior to seeking leave to reargue or renew and has not sought to be relieved from his stipulation (*see e.g. Clark v Delaware & Hudson R.R. Corp.*, 245 App Div 447, 451), and thus no appeal lies from the court's order in appeal No. 2 (*see Matter of New York City Health & Hosps. Corp.*, 248 AD2d 387, 387; *see generally* CPLR 5701). Once plaintiff stipulated to the record on appeal, he was no longer entitled to move to settle the record or, indeed, to seek leave to reargue or renew a motion to settle the record that preceded the stipulation. "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d 224, 230; *see McCoy v Feinman*, 99 NY2d 295, 302), and plaintiff made no such showing here.

Entered:  March 22, 2013                        Frances E. Cafarell
                                                 Clerk of the Court