# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

344
CAF 13-01912
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF MARK QUISTORF,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

TONIA M. LEVESQUE, RESPONDENT-RESPONDENT.

---

TROTTO LAW FIRM, P.C., ROCHESTER (JONATHAN C. TROTTO OF COUNSEL), FOR
PETITIONER-APPELLANT.

KAREN SMITH CALLANAN, ROCHESTER, FOR RESPONDENT-RESPONDENT.

MATTHEW J. FERO, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Monroe County (Dandrea
L. Ruhlmann, J.), entered January 10, 2013 in a proceeding pursuant to
Family Court Act article 6.  The order, among other things, awarded
the parties joint custody of the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner father commenced this proceeding seeking,
inter alia, "sole custody" and "primary residency" of the parties'
children after respondent mother relocated to Maine with the children
without the father's consent, and the mother cross-petitioned for
"primary residency of the children with periods of residency" with the
father.  The father appeals from an order in which Family Court, inter
alia, granted the mother's cross petition.  We affirm.

Inasmuch as this case involves an initial custody determination,
"it cannot properly be characterized as a relocation case to which the
application of the factors set forth in *Matter of Tropea v Tropea* (87
NY2d 727, 740-741 [1996]) need be strictly applied" (*Matter of
Saperston v Holdaway*, 93 AD3d 1271, 1272, *appeal dismissed* 19 NY3d
887, 20 NY3d 1052; *see Matter of Moore v Kazacos*, 89 AD3d 1546, 1546,
*lv denied* 18 NY3d 806).  "Although a court may consider the effect of
a parent's relocation as part of a best interests analysis, relocation
is but one factor among many in its custody determination" (*Saperston*,
93 AD3d at 1272; *see Matter of Torkildsen v Torkildsen*, 72 AD3d 1405,
1406).

Giving deference to the court's assessment of the credibility of
the witnesses, we conclude that the court's determination to award the

mother primary residency of the children has a sound and substantial basis in the record (*see Matter of Cross v Caswell*, 113 AD3d 1107, 1107; *Matter of Thillman v Mayer*, 85 AD3d 1624, 1625; *Salerno v Salerno*, 273 AD2d 818, 818).  The mother had been the children's primary caretaker since their birth and was more involved in the children's lives than the father.  Although the children's relocation arguably has had a negative impact on the children's relationship with the father, "relocation is not a proper basis upon which to award primary physical custody to [the father] . . . inasmuch as the children will need to travel between the parties' two residences regardless of which parent is awarded primary physical [residency]" (*Sitts v Sitts*, 74 AD3d 1722, 1723, *lv dismissed* 15 NY3d 833, *lv denied* 18 NY3d 801; *see Saperston*, 93 AD3d at 1272).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court