# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**48**

**CA 14-01009**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

RYAN M. FORRESTEL, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARGUERITA M. FORRESTEL, DEFENDANT-APPELLANT.

---

LEONARD G. TILNEY, JR., LOCKPORT, FOR DEFENDANT-APPELLANT.

JOHN P. PIERI, BUFFALO, FOR PLAINTIFF-RESPONDENT.

KRISTIN L. ARCURI, ATTORNEY FOR THE CHILDREN, BUFFALO.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered September 19, 2013. The order awarded the parties joint custody of their children and prohibited relocation of the children to the Netherlands.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant mother appeals from an order that, inter alia, awarded the parties joint custody of their children and denied her request to relocate with the children to the Netherlands.

Contrary to the mother's contention, Supreme Court's explanation of its reasons for rejecting her expert's opinion "is supported by the record, and thus it cannot be said that the court arbitrarily rejected [that] opinion" (*Matter of Alexandra H. v Raymond B.H.*, 37 AD3d 1125, 1126; *see Matter of Hopkins v Wilkerson*, 255 AD2d 319, 319-320). Contrary to the mother's further contention, the court's determination that joint custody with plaintiff father is in the children's best interests "is supported by a sound and substantial basis in the record and thus [should] not be disturbed" (*Wideman v Wideman*, 38 AD3d 1318, 1319 [internal quotation marks omitted]). Although the custody trial included evidence of acrimony between the parties, the record supports the court's determination that "the parties are not so embattled and embittered as to effectively preclude joint decision making" (*Capodiferro v Capodiferro*, 77 AD3d 1449, 1450 [internal quotation marks omitted]).

The mother contends that the court erred in denying her request to relocate with the children to the Netherlands. We reject that contention. Inasmuch as this case involves an initial custody determination, "it cannot properly be characterized as a relocation

case to which the application of the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741 [1996]) need be strictly applied" (*Matter of Saperston v Holdaway*, 93 AD3d 1271, 1272, *appeal dismissed* 19 NY3d 887, 20 NY3d 1052; *see Matter of Moore v Kazacos*, 89 AD3d 1546, 1546, *lv denied* 18 NY3d 1052).  "Although a court may consider the effect of a parent's relocation as part of a best interests analysis, relocation is but one factor among many in its custody determination" (*Saperston*, 93 AD3d at 1272; *see Matter of Quistorf v Levesque*, 117 AD3d 1456, 1457).  Here, the court "properly determined that the children's relationship with [the father] would be adversely affected by the proposed relocation because of the distance between [Erie] County and [the Netherlands]" (*Matter of Jones v Tarnawa*, 26 AD3d 870, 871, *lv denied* 6 NY3d 714; *see Matter of Ramirez v Velazquez*, 91 AD3d 1346, 1347).

Finally, we reject the mother's contention that the court erred in refusing to allow the testimony of a therapist who provided treatment to one of the children.  The Attorney for the Child "did not consent to the disclosure of confidential communications between the child and [her] therapist" (*Matter of Ascolillo v Ascolillo*, 43 AD3d 1160, 1161; *cf. Matter of Billings v Billings*, 309 AD2d 1194, 1194).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court