# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**325**
**CAF 14-01382**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF JULIE WRAY JACOBSON,
PETITIONER-APPELLANT,

V                                           MEMORANDUM AND ORDER

KEITH H. WILKINSON,
RESPONDENT-RESPONDENT.

---

LAW OFFICES OF ANNETTE G. HASAPIDIS, SOUTH SALEM (ANNETTE G. HASAPIDIS OF COUNSEL), FOR PETITIONER-APPELLANT.

THE SAGE LAW FIRM GROUP, PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR RESPONDENT-RESPONDENT.

ELISABETH M. COLUCCI, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered December 6, 2013 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted the parties joint custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating ordering paragraphs one and six, awarding petitioner sole legal and primary physical custody of the subject child and vacating the phrases "mother's house" and "father's house" in the eighth ordering paragraph and substituting therefor the phrase "a neutral location," and as modified the order is affirmed without costs.

Memorandum: Petitioner mother appeals from an order that, inter alia, granted the parties joint custody of their child, and denied the mother's request to relocate with the child to California. We note at the outset that, inasmuch as respondent father did not timely perfect a cross appeal seeking affirmative relief, his cross appeal was deemed dismissed (*see* 22 NYCRR 1000.12 [b]; *Edgett v Clarelli*, 72 AD3d 1635, 1635).

We further note that this case involves an initial custody determination and " 'cannot properly be characterized as a relocation case to which the application of the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741 [1996]) need be strictly applied' " (*Matter of Quistorf v Levesque*, 117 AD3d 1456, 1456). A court may consider relocation as part of a best interests analysis with respect to a custody determination, but it is one factor among

many (*see id.* at 1457).

Upon weighing the appropriate factors (*see Matter of Wissink v Wissink*, 301 AD2d 36, 39-40), we conclude that Family Court's determination that the child's best interests would be served by awarding joint custody to the parties lacks a sound and substantial basis in the record (*see Matter of Shannon J. v Aaron P.*, 111 AD3d 829, 830).  "[W]here, as here, domestic violence is alleged, 'the court must consider the effect of such domestic violence upon the best interests of the child' " (*Matter of Moreno v Cruz*, 24 AD3d 780, 781, *lv denied* 6 NY3d 712, quoting Domestic Relations Law § 240 [1]).  We conclude that the evidence of the father's acts of domestic violence demonstrates that he "possesses a character [that] is ill-suited to the difficult task of providing [his] young child with moral and intellectual guidance" (*id.*), and that the best interests of the child are served by awarding the mother sole legal custody and primary physical custody, with visitation to the father.  We therefore modify the order accordingly.  We further conclude, however, that the court properly denied the mother's request to relocate with the child to California (*see generally Matter of Murphy v Peace*, 72 AD3d 1626, 1626-1627).

We reject the mother's contention that the court erred in fashioning the parenting schedule, and we discern no basis for disturbing it as a visitation schedule in light of the modification of custody.  The schedule permits meaningful interaction between the child and both parents, which the court properly determined was in the child's best interests (*see Matter of Rought v Palidar*, 6 AD3d 1112, 1112).  Nevertheless, we agree with the mother that the exchanges of the child should occur at neutral locations, and we therefore further modify the order accordingly.

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court