# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**363**
**CAF 16-00399**
PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF RYAN J. FISHER,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LESLIE A. FISHER, RESPONDENT-APPELLANT.
----------------------------------------
IN THE MATTER OF LESLIE A. FISHER,
PETITIONER-APPELLANT,

V

RYAN J. FISHER, RESPONDENT-RESPONDENT.

---

MICHAEL STEINBERG, ROCHESTER, FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (ADAM W. KOCH OF COUNSEL), FOR PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Wyoming County (Terrence M. Parker, A.J.), entered February 22, 2016 in proceedings pursuant to Family Court Act article 6. The order granted the parties joint custody and directed that the residence of the parties' child shall be in New York.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order that, inter alia, awarded the parties joint custody of their child and ordered that the child's residence remain in New York, respondent-petitioner mother contends that Family Court erred in failing to award her primary physical residence with permission to relocate to Texas. We affirm.

"Inasmuch as this case involves an initial custody determination, 'it cannot properly be characterized as a relocation case to which the application of the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741 [1996]) need be strictly applied' " (*Forrestel v Forrestel*, 125 AD3d 1299, 1299, *lv denied* 25 NY3d 904). " 'Although a court may consider the effect of a parent's [proposed] relocation as part of a best interests analysis, relocation is but one factor among

many in its custody determination' " (*id.* at 1299-1300). We reject the mother's contention that Family Court required her to establish by a preponderance of the evidence that her proposed relocation to Texas was in the best interests of the child, thereby imposing an improper burden of proof (*cf. Matter of Saperston v Holdaway*, 93 AD3d 1271, 1272, *appeal dismissed* 19 NY3d 887, 20 NY3d 1052). Rather, we conclude that the court, in evaluating the mother's proposed relocation as part of the best interests analysis, properly weighed that factor against the mother upon determining that the child's relationship with petitioner-respondent father would be adversely affected by the proposed relocation because of the distance between western New York and Texas (*see Forrestel*, 125 AD3d at 1300). Contrary to the mother's further contention, upon weighing the other relevant factors (*see Fox v Fox*, 177 AD2d 209, 210), we conclude that the court's determination that the child's best interests would be served by awarding joint custody to the parties with continued residence in New York is supported by a sound and substantial basis in the record and should not be disturbed (*see Forrestel*, 125 AD3d at 1299).

Entered:  March 31, 2017                     Frances E. Cafarell
                                             Clerk of the Court