Matter of Sorrentino v Keating (2018 NY Slip Op 01848)





Matter of Sorrentino v Keating


2018 NY Slip Op 01848


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.


1555 CAF 17-01310

[*1]IN THE MATTER OF LYNNSEY SORRENTINO, PETITIONER-APPELLANT,
v
NEAL B. KEATING, RESPONDENT-RESPONDENT. TANYA J. CONLEY, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 






THE SAGE LAW FIRM GROUP, PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR PETITIONER-APPELLANT.
TANYA J. CONLEY, ROCHESTER, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
LISA A. SADINSKY, ROCHESTER, FOR RESPONDENT-RESPONDENT.


 Appeals from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered March 23, 2017 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded the parties joint legal custody and shared physical custody of their child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by awarding petitioner primary physical custody of the child and vacating that part of the order requiring that petitioner relocate her residence and as modified the order is affirmed without costs and the matter is remitted to Family Court, Monroe County, to fashion an appropriate visitation schedule.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother and the Attorney for the Child (AFC) appeal from an order that, inter alia, awarded the mother and respondent father joint legal custody and shared physical custody of their child, and required the mother to relocate and maintain a residence "within 35 minutes['] travel of the [f]ather's current residence at Brockport College." Contrary to the contention of the mother and the AFC, we conclude that Family Court's determination that joint legal custody is in the best interests of the child "is supported by the requisite sound and substantial basis in the record' and thus will not be disturbed" (Matter of Stilson v Stilson, 93 AD3d 1222, 1223 [4th Dept 2012]).
We agree with the mother and the AFC, however, that the court's determination that shared physical custody without designation of a primary physical residential parent is in the best interests of the child lacks a sound and substantial basis in the record. Here, the mother and the father were never married. They met when the mother, then an undergraduate student, took a class taught by the father, a college professor. The parties did not live together while the mother attended the college where the father is employed, and they moved to the Buffalo area several months before the child was born. The parties then moved to Holley, where they resided together with the child for less than two years before the mother moved to Marcellus. The father then moved to Brockport.
Although the father has made accommodations for the child at his apartment in the dormitory on the college campus where he works and now resides, the father has considerable travel obligations associated with his professorship. By the father's own testimony, he is "under a lot of professional pressure" to travel extensively for work, resulting in his periodic absence from the Brockport area for as long as five to six weeks at a time. We note that the court [*2]expressed concern that the father "downplay[ed] the amount of necessary travel for his professional obligations." The mother's home is about 90 miles away from the residence hall in which the father lives. She has a job with no travel obligations, an apartment where the child has his own room, and a support system close to where she lives and works. The mother has been the child's primary caregiver since he was born. She manages the child's day-to-day care, and takes him to appointments with his pediatrician, speech pathologist, and dentist. Thus, although both parties appear to be fit and loving parents, the evidence at the hearing establishes that the mother is better able to provide for the child's care and is better suited to serve as the primary residential parent (see Hendrickson v Hendrickson, 147 AD3d 1522, 1523 [4th Dept 2017]). We therefore conclude that the best interests of the child are served by awarding the mother primary physical custody, and we modify the order accordingly.
Finally, relocation is but "one factor among many" to be considered by a court making an initial custody determination (Matter of Jacobson v Wilkinson, 128 AD3d 1335, 1336 [4th Dept 2015]; see Matter of Quistorf v Levesque, 117 AD3d 1456, 1457 [4th Dept 2014]). "[T]he relevant issue is whether it is in the best interests of the child to reside primarily with the mother or the father" (Matter of Saperston v Holdaway, 93 AD3d 1271, 1272 [4th Dept 2012], appeal dismissed 19 NY3d 887 [2012], 20 NY3d 1052 [2013]). Inasmuch as it is in the best interests of the child to reside with the mother in her current residence where the child has stability and support, we agree with the mother and the AFC that the court erred in ordering the mother to relocate to be closer to the father's residence. We therefore further modify the order accordingly, and we remit the matter to Family Court to fashion an appropriate visitation schedule.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court