Gonzalez v Romero (2019 NY Slip Op 09149)





Gonzalez v Romero


2019 NY Slip Op 09149


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1092 CA 19-00903

[*1]JOEL GONZALEZ, PLAINTIFF-APPELLANT,
v
JOSUE ROMERO, BLACK CREEK FARM, JOSHUA ROMERO, AND JAMES NEWELL, DEFENDANTS-RESPONDENTS. 






LYNN LAW FIRM, LLP, SYRACUSE (PATRICIA A. LYNN-FORD OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GOZIGIAN, WASHBURN & CLINTON, COOPERSTOWN (EDWARD GOZIGIAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered November 1, 2018. The order, insofar as appealed from, denied the motion of plaintiff for partial summary judgment and granted in part the cross motion of defendants for summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the cross motion is denied in its entirety, the third and fourth causes of action are reinstated, and the motion is granted.
Memorandum: Plaintiff commenced this action to recover damages under, inter alia, Labor Law §§ 240 (1) and 241 (6) for injuries that he sustained after he fell while at a work site. Defendants had hired plaintiff to stain the exterior of a barn in order to prepare it for use as an event center for weddings and other celebrations. On his first day of work, plaintiff set a 20-foot ladder on a scaffold so he could power-wash the barn before staining it. The scaffolding collapsed beneath him, and he fell. After commencing this action, plaintiff moved for partial summary judgment on liability on his Labor Law § 240 (1) cause of action, and defendants cross-moved for summary judgment dismissing the complaint.
We agree with plaintiff that Supreme Court erred in denying the motion and granting the cross motion with respect to the Labor Law §§ 240 (1) and 241 (6) causes of action, and we therefore reverse the order insofar as appealed from. We conclude that "[p]laintiff met his initial burden by establishing that his injury was proximately caused by the failure of a safety device to afford him proper protection from an elevation-related risk" (Raczka v Nichter Util. Constr. Co., 272 AD2d 874, 874 [4th Dept 2000]; see § 240 [1]; Allington v Templeton Found., 167 AD3d 1437, 1438 [4th Dept 2018]).
In opposition, defendants failed to raise an issue of fact whether the exemption from liability for owners of a one- or two-family dwelling applies (see Labor Law § 240 [1]; Landon v Austin, 88 AD3d 1127, 1128-1129 [3d Dept 2011]). Where a structure serves a mixed residential and commercial use purpose, the applicable test is whether the work performed "directly relates to the residential use of the [building], even if the work also serves a commercial purpose" (Bartoo v Buell, 87 NY2d 362, 368 [1996]; see Hale v Meadowood Farms of Cazenovia, LLC, 104 AD3d 1330, 1331 [4th Dept 2013]). Although defendants submitted the affidavit of defendants Josue Romero and James Newell, who stated that they reside on the property and that they use the barn partly for personal storage, the work that plaintiff was hired to perform related directly to the preparation of the structure for commercial use rather than any incidental residential use (cf. Bartoo, 87 NY2d at 368). The fact that commercial use had not yet begun is of no moment because "the use and purpose test must be employed on the basis of the [ ]owners' [*2]intentions at the time of the injury underlying the action" (Allen v Fiori, 277 AD2d 674, 675 [3d Dept 2000]; see Davis v Maloney, 49 AD3d 385, 386 [1st Dept 2008]).
For the same reasons, we conclude that defendants failed to meet their initial burden on their cross motion with respect to the Labor Law §§ 240 (1) and 241 (6) causes of action (see Batzin v Ferrone, 140 AD3d 1102, 1104 [2d Dept 2016]; Hale, 104 AD3d at 1332).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court