Matter of Johnson v Johnson (2021 NY Slip Op 01906)





Matter of Johnson v Johnson


2021 NY Slip Op 01906


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, AND DEJOSEPH, JJ.


279 CAF 19-01775

[*1]IN THE MATTER OF DEREK RAMON JOHNSON, PETITIONER-RESPONDENT-APPELLANT,
v
KENYA IESHA JOHNSON, RESPONDENT-APPELLANT-RESPONDENT. 
IN THE MATTER OF KENYA IESHA JOHNSON, PETITIONER-APPELLANT-RESPONDENT
v
DEREK RAMON JOHNSON, RESPONDENT-RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT-RESPONDENT AND PETITIONER-APPELLANT-RESPONDENT.
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PETITIONER-RESPONDENT-APPELLANT AND RESPONDENT-RESPONDENT-APPELLANT. 
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILD. 


 Appeal and cross appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered August 27, 2019 in proceedings pursuant to Family Court Act article 6. The order, inter alia, awarded the parties joint custody of the subject child with primary physical residence to respondent-petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by awarding primary physical residence of the parties' child to petitioner-respondent and as modified the order is affirmed without costs.
Memorandum: In appeal No. 1, respondent-petitioner mother appeals and petitioner-respondent father cross-appeals from an order that, inter alia, awarded the parties joint custody of their child with primary physical residence to the mother and denied the mother's request to relocate with the child from Jefferson County to North Carolina. In appeal No. 2, the father appeals from an order denying his motion to reconstruct trial testimony that is absent from the record in appeal No. 1. In appeal No. 3, the father appeals from an order denying his motion to settle the record in appeal No. 1 to include his original and amended petitions seeking, inter alia, joint custody of the child.
Addressing first appeal Nos. 2 and 3, we reject the father's contention in those appeals that Family Court erred in denying his motions to reconstruct and settle the record in appeal No. 1. The father stipulated to the record in appeal No. 1 prior to filing those motions, and the court properly considered those motions as seeking to vacate that stipulation (see generally O'Shei v FMC Corp., 147 AD2d 985, 985 [4th Dept 1989]; Gayden v City of Rochester, 145 AD2d 995, 995 [4th Dept 1988]). However, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (Hallock v State of New York, 64 NY2d 224, 230 [1984]; see [*2]McCoy v Feinman, 99 NY2d 295, 302 [2002]; Matter of Ruiz v Rivera, 300 AD2d 402, 403 [2d Dept 2002]), and the father has made no such showing here (see Hale v Meadowood Farms of Cazenovia, LLC, 104 AD3d 1330, 1332 [4th Dept 2013]). We therefore affirm the orders in appeal Nos. 2 and 3.
The mother contends on her appeal in appeal No. 1 that the court erred in denying her request to relocate with the child to North Carolina. We reject that contention. Inasmuch as this case involves an initial custody determination, the mother is correct that "it cannot properly be characterized as a relocation case to which the application of the factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 740-741 [1996]) need be strictly applied" (Matter of Saperston v Holdaway, 93 AD3d 1271, 1272 [4th Dept 2012], appeal dismissed 19 NY3d 887 [2012], 20 NY3d 1052 [2013]; see Matter of Quistorf v Levesque, 117 AD3d 1456, 1456-1457 [4th Dept 2014]). "Although a court may consider the effect of a parent's relocation as part of a best interests analysis, relocation is but one factor among many in its custody determination" (Saperston, 93 AD3d at 1272; see Matter of Torkildsen v Torkildsen, 72 AD3d 1405, 1406 [3d Dept 2010]). Here, upon weighing all the appropriate factors (see Matter of Jacobson v Wilkinson, 128 AD3d 1335, 1336 [4th Dept 2015]), we agree with the court's determination that "the child[ ]'s relationship with [the father] would be adversely affected by the proposed relocation because of the distance between [Jefferson] County and [North Carolina]" (Matter of Jones v Tarnawa, 26 AD3d 870, 871 [4th Dept 2006], lv denied 6 NY3d 714 [2006]; see Matter of Ramirez v Velazquez, 91 AD3d 1346, 1347 [4th Dept 2012], lv denied 19 NY3d 802 [2012]). The record establishes that, although the mother had stronger family ties to North Carolina than to New York, her plans for housing, employment, and schooling in North Carolina were not well developed, and the record further establishes that the child had shown a marked improvement in behavior after the father's parenting time with the child was increased under temporary custody orders issued prior to the trial (see generally Matter of Furman v Furman, 168 AD2d 702, 702-703 [3d Dept 1990]).
With respect to the father's cross appeal, we conclude as an initial matter that, even without the inclusion of the father's original and amended petitions in the record in appeal No. 1, the father has standing to cross-appeal from the order in that appeal inasmuch as he is aggrieved by the court's determination on the mother's petition. That determination is an initial custody determination, and the father's counsel made clear during oral summation at the conclusion of the trial that the father was seeking joint custody of the child with primary physical residence to him. Thus, the father "ha[s] a direct interest in the matter at issue that is affected by the result, and the adjudication [has] binding force against [his] rights, person or property" (Matter of Valenson v Kenyon, 80 AD3d 799, 799 [3d Dept 2011]; see CPLR 5511).
Furthermore, we agree with the father on his cross appeal that there is not a sound and substantial basis in the record to support the court's determination that it is in the child's best interests to award the mother primary physical residence (see generally Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]). Here, the record establishes that both parents were fit and had appropriate residences and financial resources to support the child, but the mother had repeatedly attempted to undermine the father's relationship with the child, while the father did not engage in such behavior (see Matter of Honsberger v Honsberger, 144 AD3d 1680, 1680 [4th Dept 2016]; Matter of Tuttle v Tuttle, 137 AD3d 1725, 1726 [4th Dept 2016]). " 'It is well settled . . . that [a] concerted effort by one parent to interfere with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent' " (Matter of LaMay v Staves, 128 AD3d 1485, 1485 [4th Dept 2015]). Therefore, although we agree with the court's determination that the parties should share joint custody of the child and "enjoy equal parenting time on an alternate week schedule," we modify the order in appeal No. 1 by awarding primary physical residence of the parties' child to the father.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court