Matter of Hochreiter v Williams (2022 NY Slip Op 00543)





Matter of Hochreiter v Williams


2022 NY Slip Op 00543


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, AND BANNISTER, JJ.


35 CAF 21-01190

[*1]IN THE MATTER OF DYLAN P. HOCHREITER, PETITIONER-RESPONDENT-APPELLANT,
v
KAITLYNN A. WILLIAMS, RESPONDENT-PETITIONER-RESPONDENT. 






MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-RESPONDENT-APPELLANT.
JAMES P. VACCA, ROCHESTER, FOR RESPONDENT-PETITIONER-RESPONDENT. 
ELIZABETH deV. MOELLER, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an amended order of the Family Court, Monroe County (John J. Ark, A.J.), entered August 23, 2021 in a proceeding pursuant to Family Court Act article 6. The amended order, inter alia, granted the parties joint legal custody of the subject child and granted respondent-petitioner primary physical residency of the subject child with permission to relocate to North Carolina. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent father appeals from an amended order that, inter alia, awarded the parties joint legal custody of their child and granted respondent-petitioner mother primary physical residence with permission to relocate with the child to North Carolina. We affirm.
We reject the father's contention that Family Court failed to consider all relevant factors in making its best interests determination. We note at the outset that, "[i]nasmuch as this case involves an initial custody determination, 'it cannot properly be characterized as a relocation case to which the application of the factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 740-741 [1996]) need be strictly applied' " (Forrestel v Forrestel, 125 AD3d 1299, 1299 [4th Dept 2015], lv denied 25 NY3d 904 [2015]). " 'Although a court may consider the effect of a parent's [proposed] relocation as part of a best interests analysis, relocation is but one factor among many in its custody determination' " (id. at 1299-1300). "[T]he relevant issue is whether it is in the best interests of the child to reside primarily with the mother or the father" (Matter of Saperston v Holdaway, 93 AD3d 1271, 1272 [4th Dept 2012], appeal dismissed 19 NY3d 887 [2012], 20 NY3d 1052 [2013]; see generally Eschbach v Eschbach, 56 NY2d 167, 172-174 [1989]). Here, we conclude that the record demonstrates that the court weighed the appropriate factors in making its custody determination, including the mother's proposed relocation, as well as the continuity and stability of the existing custodial arrangement, the relative fitness of the parents and the length of time the custodial arrangement has continued, the quality of each parent's home environment, the ability of each parent to provide for the child's emotional and intellectual development, and the financial status and ability of each parent to provide for the child (see generally Fisher v Fisher, 148 AD3d 1783, 1784 [4th Dept 2017]; Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]). We further conclude that the court's determination that the child's best interests would be served by awarding the parties joint legal custody with primary physical residence with the mother in North Carolina is supported by a sound and substantial basis in the record and should not be disturbed (see generally Fisher, 148 AD3d at 1784).
The father's further contention that the court improperly interjected itself into the fact-finding hearing is unpreserved for our review (see Matter of Denise L. v Michael L., 138 AD3d 1172, 1173 [3d Dept 2016]).
The father's remaining contention is academic in light of our determination.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court