Crofoot v Crofoot (2023 NY Slip Op 02205)

Crofoot v Crofoot

2023 NY Slip Op 02205

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

146 CA 21-01713

[*1]KRISTEN E. CROFOOT, PLAINTIFF-APPELLANT,
v
NATHAN D. CROFOOT, DEFENDANT-RESPONDENT. -- MARYBETH D. BARNET, ESQ., ATTORNEY FOR THE CHILDREN, APPELLANT. 

KAMAN BERLOVE LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILDREN, APPELLANT PRO SE.
MAUREEN A. PINEAU, ROCHESTER, FOR DEFENDANT-RESPONDENT.

 Appeals from a judgment of the Supreme Court, Monroe County (John B. Gallagher, Jr., J.), entered November 29, 2021. The judgment, among other things, awarded the parties joint legal custody with respect to the subject children, and awarded defendant primary physical custody of the children. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the provisions regarding the custody and physical residency of the children, the school district where the children attend school, the residency schedule, and child support; awarding sole legal and physical custody of the children to plaintiff with visitation to defendant; and directing that the children shall attend school in the school district in which plaintiff resides; and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In this divorce action, plaintiff mother and the Attorney for the Children (AFC) appeal from a judgment that, inter alia, granted the parties joint legal custody of the subject children and granted defendant father primary physical custody of the children.
We agree with the mother that Supreme Court's determination to award the parties joint legal custody of the children is not supported by "a sound and substantial basis in the record" (Matter of Jacobson v Wilkinson, 128 AD3d 1335, 1336 [4th Dept 2015]). "Entrusting the custody of young children to their parents jointly, especially where the shared responsibility and control includes alternating physical custody, is insupportable when parents are severely antagonistic and embattled" (Braiman v Braiman, 44 NY2d 584, 587 [1978]). In determining whether joint legal custody is appropriate, "the question of fault is beside the point" (Trapp v Trapp, 136 AD2d 178, 183 [1st Dept 1988]).
Here, "the obvious hostility" between the mother and the father makes joint custody inappropriate (Seago v Arnold, 91 AD2d 835, 836 [4th Dept 1982], lv dismissed 59 NY2d 603, 761 [1983]). The parties do not agree on where the children should attend school, the specifics of their medical care, whether the children need routine in their lives, whether the elder child should be given her allergy medication or enrolled in counseling, and whether the younger child needed speech therapy or to adhere to a strict diet. According to the report prepared by a licensed psychologist after court-ordered psychological evaluations of the mother and the father, "neither parent appear[ed] able to sufficiently distance themselves from their mutual enmity and embitterment in order to fully act in ways which [were] . . . reflective of the children's needs." [*2]With respect to co-parenting, the licensed psychologist concluded that "neither parent ha[d] demonstrated the capability to adequately fulfill this expectation." Here, the record establishes that, although the mother and the father "could sometimes effectively communicate with each other, most of their interactions were acrimonious" (Benedict v Benedict, 169 AD3d 1522, 1523 [4th Dept 2019]). Thus, the determination to award the parties joint legal custody lacks a sound and substantial basis in the record (see Matter of Vasquez v Barfield, 81 AD3d 1398, 1399 [4th Dept 2011]; see also Matter of Benson v Smith, 178 AD3d 1430, 1431 [4th Dept 2019]; Benedict, 169 AD3d at 1523). We conclude that it is in the best interests of the children to award sole legal custody to the mother (see generally Benedict, 169 AD3d at 1523-1524; Jacobson, 128 AD3d at 1336; Matter of Felty v Felty, 108 AD3d 705, 707-708 [2d Dept 2013]).
We further agree with the mother and the AFC that the court's determination to award the father primary physical custody of the children is not supported by a sound and substantial basis in the record. "In making a custody determination, the court must consider all factors that could impact the best interests of the child, including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of [the parties] to provide for the child's emotional and intellectual development and the wishes of the child . . . No one factor is determinative because the court must review the totality of the circumstances" (Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015] [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]). Further, because the court determined that the mother had proven by a preponderance of the evidence that the father had committed an act of domestic violence against her, it was required to "consider the effect of such domestic violence upon the best interests of the child[ren], together with such other facts and circumstances as the court deem[ed] relevant in making a direction pursuant to [Domestic Relations Law § 240] and state on the record how such findings, facts and circumstances factored into the direction" (§ 240 [1] [a]).
Here, we conclude that the court failed to give adequate weight to the father's extensive history of domestic violence or his continued minimization of his actions and denial of the nature and extent of his mental illness. The evidence established that the father engaged in multiple acts of domestic violence against the mother in the presence of the children. Despite having been convicted of and serving a jail sentence for one of those acts, the father continued to deny that he had ever engaged in domestic violence. Further, although the father has been diagnosed, by more than one provider, with a bipolar disorder, he testified at trial that he could not recall ever having been given such a diagnosis. Both the mother and the father testified that the father had discontinued the use of his prescribed medications without discussing it with his treatment providers. The father had also threatened to commit suicide on more than one occasion, prompting calls to the police that resulted in brief hospitalizations for which the father blamed the mother. At the time of the trial, the evidence established that the father's current medication regimen was inappropriate for Bipolar Disorder treatment and that the father was not currently engaged in any regular mental health counseling.
By contrast, the court gave undue weight to the mother's decision to relocate and failed to give adequate weight to factors that weigh in favor of granting physical custody to the mother, including the AFC's recommendation that the children attend the mother's school district. We note that, at the time of the trial, the mother, in contrast to the father, was attending counseling services once or twice a month and taking her prescribed medication. Further, the mother testified that she had moved from Spencerport to Fairport during the pendency of the proceedings because she had a strong support structure consisting of immediate and extended family in Fairport and because of the school district's high ranking in the county. In addition, the mother testified that she shared photographs of the children with the father and had the children call the father when significant milestones happened in the children's lives. By contrast, the mother testified that she was unable to speak to the children approximately 25% to 49% of the time that they were in the father's custody and the father admitted having threatened to cut off the mother's telephone access to the children during his parenting time. An award of sole physical custody to the mother is also supported by the testimony of the court-ordered licensed psychologist that he had concerns about the decisions that the father made regarding the children, including dietary changes and the lack of consistency in the children's routine. After reviewing the appropriate factors, we conclude that the children's best interests are served by awarding the mother sole physical custody of the children with visitation to the father. In light of the change in physical custody, the children shall attend school in the school district in which the mother [*3]resides.
We therefore modify the order by vacating the provisions regarding the custody and physical residency of the children, the school district where the children attend school, the residency schedule, and child support; awarding sole legal and physical custody to the mother with visitation to the father; and directing that the children shall attend school in the school district in which the mother resides. We remit the matter to Supreme Court for a determination with respect to a visitation schedule and with respect to child support, inasmuch as the previous child support determination was based upon the prior physical custody determination.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court