Matter of Coates v Hodge (2026 NY Slip Op 00760)

Matter of Coates v Hodge

2026 NY Slip Op 00760

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND HANNAH, JJ.

1012 CAF 24-01332

[*1]IN THE MATTER OF THOMAS J. COATES, SR., PETITIONER-APPELLANT,
vBRIANNA L. HODGE, RESPONDENT-RESPONDENT. 

THOMAS L. PELYCH, HORNELL, FOR PETITIONER-APPELLANT.
SHARON ALLEN, KEUKA PARK, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Ontario County (Brian D. Dennis, J.), entered August 5, 2024, in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent sole legal custody and primary physical placement of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this custody proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order awarding sole legal custody and primary physical placement of the children to respondent mother. We affirm.
Contrary to the father's assertion, this case involves an initial custody determination and thus it cannot properly be characterized as a relocation case to which the factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 740-741 [1996]) need be strictly applied (see Matter of Moore v Kazacos, 89 AD3d 1546, 1546 [4th Dept 2011], lv denied 18 NY3d 806 [2012]; Matter of Baker v Spurgeon, 85 AD3d 1494, 1496 [3d Dept 2011], lv dismissed 17 NY3d 897 [2011]; Matter of Schneider v Lascher, 72 AD3d 1417, 1417 [3d Dept 2010], lv denied 15 NY3d 708 [2010]). The effect of the mother's relocation is therefore "but one factor among many" for Family Court to consider in making its custody determination (Matter of Saperston v Holdaway, 93 AD3d 1271, 1272 [4th Dept 2012], appeal dismissed 19 NY3d 887 [2012], appeal dismissed 20 NY3d 1052 [2013]). The relevant issue is whether it is in the best interests of the children to reside primarily with the mother or the father (see id.; see generally Eschbach v Eschbach, 56 NY2d 167, 172-174 [1982]).
Contrary to the father's contention on appeal, the court's determination awarding sole legal custody and primary physical placement of the children to the mother is supported by a sound and substantial basis in the record and should not be disturbed (see Matter of Hochreiter v Williams, 201 AD3d 1303, 1304 [4th Dept 2022]; Matter of Hermann v Williams, 179 AD3d 1545, 1546 [4th Dept 2020]; see also Matter of Castle v Barnes, 221 AD3d 1562, 1563 [4th Dept 2023], lv denied 41 NY3d 901 [2024]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court