■■■ In the Matter of JOHN HIGHT, Respondent, v KIMBERLY M. HIGHT, Respondent. WILLIAM L. KOSLOSKY, as Law Guardian on Behalf of ELYSSA H. and Others, Infants, Appellant. [796 NYS2d 494]—

Appeal from an order of the Family Court, Herkimer County (Lawrence A. Sardelli, J.H.O.), entered March 22, 2004 in a proceeding pursuant to Family Court Act article 6. The order, among other things, denied the petition to modify the judgment of divorce.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this proceeding commenced by petitioner father to modify the parties' judgment of divorce, the Law Guardian for the parties' children appeals on their behalf from an order that denied the petition to continue a stipulated provision of the judgment that respondent mother not allow her boyfriend to sleep overnight in her residence during her visitation with the children for a period of one year. Petitioner and respondent were married in August 1984, separated in September 2000 and divorced in November 2002. The parties have four children, but this appeal concerns only visitation for the two youngest children. The judgment of divorce provides in pertinent part that, "pursuant to the terms of the . . . oral stipulation entered into in open court, the [respondent], for one year following the entry of the Judgment of Divorce, shall not allow another male, whom she is not related to by blood, such as [her boyfriend], to sleep overnight in the residence she is occupying when the children are present." In March 2004, petitioner filed the instant petition for modification of the judgment to continue that provision until respondent and her boyfriend were married. Family Court denied the petition.

We reject the contention of the Law Guardian that the court violated the rights of the children and petitioner to practice

their religion by failing to continue the provision. Because "[s]tipulations of settlement are favored by the courts and not lightly cast aside," the issue before us is whether petitioner established a change in circumstances (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]). " 'Where an order of custody and visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances since the time of the stipulation has been established, and then only where a modification would be in the best interests of the children' " (*Matter of Appell v Gooden*, 13 AD3d 1212, 1213 [2004], quoting *Matter of Watts v Watts*, 290 AD2d 822, 823-824 [2002], *lv denied* 97 NY2d 614 [2002]). Petitioner failed to demonstrate a change in circumstances warranting modification of the judgment. When the parties entered into the stipulated provision in question, petitioner assumed that respondent and her boyfriend would be married within the first year after the parties' divorce, but petitioner admitted during this proceeding that his assumption was not founded upon any representation respondent had made. Petitioner also failed to establish that continuing the provision would be in the children's best interests. Present—Hurlbutt, J.P., Scudder, Martoche, Pine and Lawton, JJ.