■ In the Matter of ALEXANDRA H., Respondent, v RAYMOND B.H., Appellant. [829 NYS2d 778]—

Appeal from an order of the Family Court, Erie County (Tracey A. Kassman, R.), entered September 26, 2005 in a proceeding pursuant to Family Court Act article 6. The order granted sole custody of the parties' children to petitioner-respondent, with visitation to respondent-petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent-petitioner (respondent) appeals from an order modifying a prior custody order entered upon the stipulation of the parties by granting sole custody of the parties' children to petitioner-respondent. The record does not support respondent's contention that Family Court arbitrarily disregarded the expert opinion of the court-appointed psychologist. The opinion of a court-appointed expert in a custody proceeding is not determinative (*see Matter of Nelson v Nelson*, 276 AD2d 634 [2000]; *Salerno v Salerno*, 273 AD2d 818, 819 [2000]; *Matter of Hopkins v Wilkerson*, 255 AD2d 319, 319-320 [1998]) and, here, in disagreeing with certain findings and recommendations of the expert, the court set forth its reasons for doing so. The court's reasoning is supported by the record, and thus it cannot be said that the court arbitrarily rejected the expert's opinion (*see Hopkins*, 255 AD2d at 320; cf. *Young v Young*, 212 AD2d 114, 118-119 [1995]).

Respondent further contends that the court erred in modifying the existing custody arrangement because there was no showing of a "sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest[s] of the child[ren]" (*Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]). That contention also is lacking in merit. "[A]n existing [custody] arrangement that is based upon a stipulation between the parties 'is entitled to less weight than a disposition after a plenary trial' " (*Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004]), and here there was a sufficient change in circumstances to warrant a modification of the existing custody arrangement. The record establishes that the children "needed more stability in [their] living arrangement and that the parties could not work together under the joint custody arrangement to provide that stability" (*Matter of Francisco v Francisco*, 298 AD2d 925, 925 [2002], *lv denied* 99 NY2d 504 [2003]). Indeed, the record establishes that, although the parties worked together for the benefit of the children when they first separated, they are no longer able to do so. We have considered respondent's remaining contention and conclude that it is without merit. Present—Martoche, J.P., Smith, Centra, Lunn and Fahey, JJ.