In the Matter of JOSEPH P. GRIDLEY, Respondent, v SHANNON M. SYRKO, Appellant. [857 NYS2d 838]—

Appeal from an order of the Family Court, Onondaga County (George M. Raus, Jr., Ref.), entered October 12, 2006 in a proceed-

ing pursuant to Family Court Act article 6. The order modified a prior custody and visitation order.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent mother appeals from an order modifying a prior order of custody and visitation, entered upon the parties' stipulation, by substantially increasing the visitation of petitioner father with the parties' child. We agree with the mother that Family Court erred in granting the petition, which sought the increase in visitation. Although a prior order entered upon stipulation of the parties "is entitled to less weight than a disposition after a plenary trial" (Matter of Alexandra H. v Raymond B.H., 37 AD3d 1125, 1126 [2007] [internal quotation marks omitted]), the father was required to establish a sufficient change in circumstances between the time of the stipulation and the time of the hearing on the petition to warrant modification of the prior order (see Matter of Hight v Hight, 19 AD3d 1159, 1160 [2005]; Matter of Appell v Gooden, 13 AD3d 1212, 1213 [2004]). Although the father testified at the hearing on the petition that his petition was based upon his desire to spend more time with the child, his dissatisfaction with the stipulated order, without more, is insufficient to establish a sufficient change in circumstances to warrant modification of the prior order (see generally Matter of Echols v Weiner, 46 AD3d 825 [2007]). In any event, the court's determination that it was in the child's best interests to modify the father's visitation schedule is not supported by a substantial basis in the record (see generally Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448 [2007]).

The mother's remaining contention is based on matters outside the record on appeal and thus not properly before us (see generally Matter of Harry P. v Cindy W., 48 AD3d 1100 [2008]). Present—Lunn, J.P., Peradotto, Green and Pine, JJ.