*505 Order, Supreme Court, New York County (Lori Sattler, J.), entered October 23, 2012, which awarded defendant mother temporary decision-making authority with respect to the parties’ son’s education, unanimously affirmed, without costs.
The motion court properly exercised its discretion in determining that it is in the child’s best interest to award defendant mother temporary decision-making authority with respect to the issue of the child’s education (see Eschbach v Eschbach, 56 NY2d 167 [1982]). The parties agreed to joint legal custody, which their agreement defined as including equal input with respect to all major decisions, including education. They did not, however, provide for a situation, such as the one presented, where they cannot agree on where their child should attend school. Thus, there is a change in circumstances requiring modification of the agreement to protect the best interests of the child (see Linda R. v Ari Z., 71 AD3d 465, 466 [1st Dept 2010]; Matter of Sparacio v Fitzgerald, 73 AD3d 790 [2d Dept 2010]) and the record supports the temporary award of educational decision-making to defendant.
Plaintiff father’s due process rights were not violated. He was afforded a fair hearing, was permitted to cross-examine defendant, testify on his own behalf, and argue his case. To the extent he argues that he was denied an opportunity to hire an attorney, he never made a request to do so.
There is also no merit to plaintiffs claim that the court was barred from deciding the issue by the doctrine of res judicata. No prior request for temporary education decision-making was made. In any event, as noted above, in custody and matrimonial matters, changed circumstances warrant the reconsideration of prior orders as do the best interest of a child (id.).
We have considered plaintiffs remaining arguments and find them unavailing.
Concur—Gonzalez, P.J., Friedman, AbdusSalaam, Román and Clark, JJ.