# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1066**
**CA 14-01620**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

LISA M. PANARO, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PASCAL S. PANARO, JR., DEFENDANT-APPELLANT.

---

LEONARD G. TILNEY, JR., LOCKPORT, FOR DEFENDANT-APPELLANT.

JUSTIN S. WHITE, WILLIAMSVILLE, FOR PLAINTIFF-RESPONDENT.

PAMELA THIBODEAU, ATTORNEY FOR THE CHILDREN, WILLIAMSVILLE.

---

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered June 10, 2014 in a divorce action. The order, insofar as appealed from, granted defendant visitation with the parties' children from Wednesday evening through Friday morning and on alternate weekends.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the second and third ordering paragraphs are vacated, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant father appeals from an order that, inter alia, modified a judgment of divorce by setting forth a new schedule for the father's visitation with the parties' children. Contrary to the father's contention, Supreme Court's determination did not improperly exceed the scope of the relief requested by the parties. The record establishes that plaintiff mother submitted a motion and the father submitted a cross motion in which they requested, inter alia, modification of the visitation schedule set forth in the judgment of divorce. Moreover, the record further establishes that the parties and the Attorney for the Children entered into a stipulation whereby the court would fashion a new visitation schedule based upon the parties' written submissions. Consequently, we conclude that "[the father] had adequate notice that [the visitation schedule] was at issue[,] and [that he] was not prejudiced by the action of the court" (*Matter of Heintz v Heintz*, 28 AD3d 1154, 1155; *see Matter of Bow v Bow*, 117 AD3d 1542, 1543; *cf. Matter of Myers v Markey*, 74 AD3d 1344, 1345).

We further conclude that the father waived his contention that the mother failed to establish a change of circumstances warranting review of the judgment inasmuch as the father stipulated that the court could fashion a new visitation schedule (*see generally Matter of*

*James Jerome C. v Mary Elizabeth J.*, 31 AD3d 1184, 1184-1185).

We agree with the father, however, that the adjusted visitation schedule was not in the best interests of the children because it conflicts with the father's work schedule and thus will prevent the father from exercising his visitation rights (*see generally Matter of Vasquez v Barfield*, 81 AD3d 1398, 1399; *Matter of Wendy Q. v Richard Q.*, 36 AD3d 1000, 1001). We therefore reverse the order insofar as appealed from, and we remit the matter to Supreme Court to fashion a visitation schedule that provides the same amount of parenting time for each parent as set forth in the order on appeal but does not conflict with either parent's work schedule.

Entered:  November 20, 2015                                    Frances E. Cafarell
                                                               Clerk of the Court