# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**248**
**CAF 15-01315**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF RUSTY W. TUTTLE,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TRACY S. TUTTLE, RESPONDENT-APPELLANT.

---

BRUCE R. BRYAN, SYRACUSE, FOR RESPONDENT-APPELLANT.

SWARTZ LAW FIRM, WATERTOWN, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR PETITIONER-RESPONDENT.

MICHELLE M. SCUDERI, ATTORNEY FOR THE CHILD, WATERTOWN.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Jefferson County (Diana D. Trahan, R.), entered April 29, 2015 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded primary physical residence of the parties' child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that granted petitioner father's petition seeking modification of the custody and visitation provisions of the parties' judgment of divorce. The mother contends that Family Court erred in considering events predating the divorce judgment in determining whether there was a significant change in circumstances to warrant an inquiry into the best interests of the child. We reject that contention. Here, the parties' oral stipulation regarding custody was incorporated into the judgment of divorce nine months later. Where a party seeks modification of a custody order entered upon the parties' stipulation, the party must demonstrate a change in circumstances from the date of the stipulation, and here the stipulation predates the divorce judgment (*see Matter of Hight v Hight*, 19 AD3d 1159, 1160). Contrary to the mother's contention, the court properly concluded that there had been a sufficient change in circumstances whether measured from the date of the oral stipulation or the date of the judgment of divorce (*see generally* § 652 [b]; *Hight*, 19 AD3d at 1160). "[W]hile not dispositive, the express wishes of older and more mature children can support the finding of a change of circumstances" (*Matter of Burch v Willard*, 57 AD3d 1272, 1273), and here the Attorney for the Child advised the court of her client's strong preference to live with her

father.  In addition, the mother's efforts to undermine the father's relationship with the child and his participation in decisions concerning the child's welfare constitute a sufficient change in circumstances to warrant inquiry into the child's best interests (*see Matter of Cornick v Floreno*, 130 AD3d 1170, 1171-1172; *Matter of O'Loughlin v Sweetland*, 98 AD3d 983, 984).

Also contrary to the mother's contention, there is a sound and substantial basis in the record for the court's determination that it is in the child's best interests to award the father primary physical residence of the child and to award visitation with the mother (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171-174).  Although the court found that both parents were fit and had the financial resources to support the child, the court determined that the mother's ability to foster the child's intellectual and emotional development was called into question by her lack of awareness of or concern for the child's declining performance in school.  Most significantly, the court determined that the mother attempted to undermine the father's relationship with the child, while the father did not engage in such behavior.  " 'It is well settled . . . that [a] concerted effort by one parent to interfere with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent' " (*Matter of LaMay v Staves*, 128 AD3d 1485, 1485).

The mother failed to preserve for our review her further contention that she was denied a fair hearing (*see Matter of Tracy v Tracy*, 309 AD2d 1252, 1253), and her contention that the court erred in awarding unreasonably limited visitation also is not properly before us because it is based upon matters outside the record on appeal (*see Matter of Gridley v Syrko*, 50 AD3d 1560, 1561).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court