# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1210**
**CAF 15-01837**
PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF LARRY D. STEVENSON, II,
PETITIONER-RESPONDENT,

                  V                             MEMORANDUM AND ORDER

TRICIA A. SMITH, RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR RESPONDENT-APPELLANT.

LARRY D. STEVENSON, II, PETITIONER-RESPONDENT PRO SE.

ARDETH L. HOUDE, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Caroline E. Morrison, A.J.), entered August 25, 2015 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, directed that the parties shall have joint custody of the subject child, and that the child's primary residence shall be with petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this child custody matter, respondent mother appeals from an order that continued joint parental custody of the parties' daughter but, in connection with Family Court's implementation of a previously agreed-upon change of schools and school district, changed the child's primary residential parent from the mother to petitioner father. Nevertheless, by the terms of the order, the father's status as primary residential parent is subject to "periods of temporary physical residency" that have the child spending 12 or 13 out of every 28 overnights, and up to equal time each week, at the mother's home, depending on whether school is in session.

The court's determination in a custody matter "is entitled to great deference and will not be disturbed where," as here, it is based on a careful weighing of appropriate factors (*Matter of Pinkerton v Pensyl*, 305 AD2d 1113, 1113-1114; *see Matter of Triplett v Scott*, 94 AD3d 1421, 1422; *Matter of Thillman v Mayer*, 85 AD3d 1624, 1625). The touchstone of any such determination is " 'what is for the best interest[s] of the child, and what will best promote [his or her] welfare and happiness' " (*Eschbach v Eschbach*, 56 NY2d 167, 171, quoting Domestic Relations Law § 70). "It is well settled that, in seeking to modify an existing order of custody, '[t]he petitioner must

make a sufficient evidentiary showing of a change in circumstances to require a hearing on the issue whether the existing custody order should be modified' " (*Matter of Hughes v Davis*, 68 AD3d 1674, 1675; *see Matter of Jones v Laird*, 119 AD3d 1434, 1434, *lv denied* 24 NY3d 908). Where, as here, the parties' existing custody arrangement is based on a consent order, which is "entitled to less weight than a disposition after a plenary trial" (*Matter of Alexandra H. v Raymond B.H.*, 37 AD3d 1125, 1126 [internal quotation marks omitted]), a court "cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the children" (*Matter of Hight v Hight*, 19 AD3d 1159, 1160 [internal quotation marks omitted]; *see Jones*, 119 AD3d at 1434).

Contrary to the mother's contention, we conclude that a change of circumstances was shown to have occurred since the entry of the prior order, namely, the mother's refusal to live up to what the court found was in fact her prior agreement with the father that the child would, beginning with the seventh grade, attend school in the district in which the father resides (*see Matter of Machado v Tanoury*, 142 AD3d 1322, 1323; *see generally Sequeira v Sequeira*, 105 AD3d 504, 505, *lv denied* 21 NY3d 1052). We further conclude that there is a sound and substantial basis in the record for the determination that it is in the child's best interests to change her primary physical residence from the mother's house to the father's house in connection with that long-anticipated change of schools (*see generally Matter of Tuttle v Tuttle*, 137 AD3d 1725, 1726; *Matter of Westfall v Westfall*, 28 AD3d 1229, 1230, *lv denied* 7 NY3d 706).

We have considered the mother's contention that the court deprived her of her right to a fair hearing in its questioning of the parties and conclude that it is without merit (*cf. Matter of Yadiel Roque C.*, 17 AD3d 1168, 1169).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court