# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**426**
**CAF 15-01709**
PRESENT: WHALEN, P.J., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF FRANK L. STANTON,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

NINA M. KELSO, RESPONDENT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR RESPONDENT-APPELLANT.

BRIAN P. DEGNAN, ATTORNEY FOR THE CHILD, BATAVIA.

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered June 4, 2015 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner primary physical custody of the parties' child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that continued joint custody of the parties' son but transferred primary physical custody of the child to petitioner father, with visitation to the mother. Where, as here, the parties' existing custody arrangement is based on a consent order, which is "entitled to less weight than a disposition after a plenary trial" (*Matter of Alexandra H. v Raymond B.—H.*, 37 AD3d 1125, 1126 [internal quotation marks omitted]), Family Court "cannot modify that order unless a sufficient change in circumstances--since the time of the stipulation--has been established, and then only where a modification would be in the best interests of the child[ ]" (*Matter of Hight v Hight*, 19 AD3d 1159, 1160 [internal quotation marks omitted]; *see Matter of Stevenson v Smith*, 145 AD3d 1598, 1599). The court's determination in a custody matter " 'is entitled to great deference and will not be disturbed where' . . . it is based on a careful weighing of appropriate factors" (*Stevenson*, 145 AD3d at 1598; *see Matter of Pinkerton v Pensyl*, 305 AD2d 1113, 1113-1114).

Contrary to the mother's contention, we conclude that the father established the requisite change in circumstances since the entry of the consent order, namely, the child's repeated changes of schools, his recent attendance at a school in the district where the father resides, and the parents' inability to agree on where their child should attend school (*see Sequeira v Sequeira*, 105 AD3d 504, 505, *lv denied* 21 NY3d 1052; *see generally Pecore v Blodgett*, 111 AD3d 1405,

1406, *lv denied* 22 NY3d 864).  We further conclude that there is a sound and substantial basis in the record for the determination that it is in the child's best interests to change his primary physical residence from the mother's house to the father's house in connection with the child's school enrollment (*see Stevenson*, 145 AD3d at 1599; *see generally Matter of Tuttle v Tuttle*, 137 AD3d 1725, 1726).

We note that the mother at oral argument withdrew her contentions that the court erred in failing to conduct, and that her counsel was ineffective in failing to seek, a *Lincoln* hearing (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 271-274).  We have considered the mother's remaining claim of ineffective assistance of counsel, and we conclude that it is without merit (*see Matter of Bennett v Abbey*, 141 AD3d 882, 884; *Matter of Thompson v Gibeault*, 305 AD2d 873, 875).

Entered:  March 31, 2017                         Frances E. Cafarell
                                                 Clerk of the Court