■ In the Matter of CHARLA SHONYO, Respondent, v BRIAN SHONYO, Appellant. [56 NYS3d 390]—

Appeal from an order of the Family Court, Onondaga County (William W. Rose, Ref.), entered September 14, 2015 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner residential custody of the subject children.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the fourth ordering paragraph and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: Prior to the commencement of the instant proceeding pursuant to Family Court Act article 6, custody of the parties' children was governed by the provisions of an oral stipulation incorporated into a judgment of divorce entered in March 2012. Pursuant to the judgment, petitioner mother and respondent father agreed to joint legal and physical custody of their two children—a 12-year-old son and 16-year-old daughter—with each parent receiving 50% of the parenting time. The mother filed a petition seeking "immediate temporary custody" and "sole custody" of the children, citing as a change in circumstances an incident that occurred in the summer of 2014. The father filed an amended petition seeking enforcement of the custody provisions incorporated into the 2012 judgment, claiming that the mother had violated the terms of the judgment by refusing him equal access to the children.

Family Court appointed an Attorney for the Children (AFC) and referred the matter to a referee. Prior to the commencement of the temporary custody hearing, the parties agreed that, given the daughter's age, she was no longer part of the proceeding, and the hearing was conducted with regard to only the son. The court (Rose, Ref.) issued a temporary order reducing the father's "parenting time" to alternating weekends. After a permanent custody trial, the court issued findings of fact and conclusions of law, finding that the mother had established a substantial change in circumstances warranting a modification of the judgment as it related to custody, and awarded the mother residential custody. The court also determined that the father had failed to establish his entitlement to the relief he sought in his amended petition. The court's order, in addition to including the aforementioned determinations, also provided, as relevant here, that the parties would continue sharing legal custody of their son, and that the father would have visitation on alternating weekends.

As an initial matter, the father's contention that reversal of the order is warranted on the ground that the court was biased against him is unpreserved for our review because he failed to make a motion asking the court to recuse itself (see Matter of Curry v Reese, 145 AD3d 1475, 1476 [2016]; Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894 [2016]). In any event,

there is no evidence in the record that the court exhibited any bias against the father (*see Curry*, 145 AD3d at 1476; *Matter of Rasyn W.*, 270 AD2d 938, 938 [2000], *lv denied* 95 NY2d 766 [2000]). Having failed to make a motion seeking the AFC's removal, the father likewise failed to preserve his contention that the AFC had a conflict of interest that impacted her representation of the children because of the children's alleged divergent interests (*see Matter of Aaliyah H. [Mary H.]*, 134 AD3d 1574, 1575 [2015], *lv denied* 27 NY3d 906 [2016]).

The father does not challenge the court's determination that the mother met her initial burden of establishing a change in circumstances (*see generally Matter of O'Connell v O'Connell*, 105 AD3d 1367, 1367 [2013]). Rather, the father contends that the court did not consider the best interests of his son before initially awarding temporary custody to the mother and then awarding her permanent residential custody. With regard to the former contention, we note that the father's challenge to the temporary order has been rendered moot by the court's issuance of the final order (*see Matter of Viscuso v Viscuso*, 129 AD3d 1679, 1682 [2015]).

Contrary to the father's contention, there is a sound and substantial basis in the record to support the court's determination that it is in the best interests of the parties' son that the mother have residential custody (*see Matter of Rokitka v Bauer*, 219 AD2d 834, 834 [1995]). In reaching that conclusion, the court considered all the relevant factors, including the stability of the existing custody arrangement, parental fitness, each parent's ability to provide for the emotional and intellectual development of the child, the parents' financial status and ability to provide for the child, the child's individual needs and desires, and the child's need to live with siblings (*see Fox v Fox*, 177 AD2d 209, 210 [1992]; *see also Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]).

We agree with the father, however, that remittal to the court is warranted so that it may fashion a schedule of visitation for holidays and school breaks. The court stated in the fourth ordering paragraph "that holidays and school breaks shall be shared as agreed between the parties." Given the acrimonious nature of the parties' relationship, however, including the parties' repeated arguments over visitation, we conclude that the court order with regard to visitation for holidays and schools breaks is unrealistic to the extent that it requires the parties to cooperate in reaching an agreement (*see Gillis v Gillis*, 113 AD3d 816, 817 [2014]). We therefore modify the order by vacating the fourth ordering paragraph and we remit the matter to

Family Court to provide a more definitive schedule of visitation for holidays and school breaks that is in the son's best interests. Present—Whalen, P.J., Lindley, DeJoseph, NeMoyer and Curran, JJ.