Matter of Greene v Kranock (2018 NY Slip Op 03026)





Matter of Greene v Kranock


2018 NY Slip Op 03026


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


535 CAF 17-00120

[*1]IN THE MATTER OF JOHN F. GREENE, IV, PETITIONER-RESPONDENT,
v
BROOKE D. KRANOCK, RESPONDENT-APPELLANT. 






JOSEPH P. MILLER, CUBA, FOR RESPONDENT-APPELLANT. 
MARK A. FOTI, ROCHESTER, FOR PETITIONER-RESPONDENT.
CAROLYN R. KELLOGG, WELLSVILLE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Allegany County (Thomas P. Brown, J.), entered November 10, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner primary physical placement of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, granted the petition of petitioner father seeking to modify the existing custody order by awarding him primary physical placement of the subject child. Contrary to the mother's contention, the father met his burden of establishing a change in circumstances sufficient to warrant an inquiry into whether a modification of the custody arrangement is in the best interests of the child (see generally Matter of Peay v Peay, 156 AD3d 1358, 1360 [4th Dept 2017]). Although Family Court did not make an express finding of a change in circumstances, "we have the authority to review the record to ascertain whether the requisite change in circumstances existed' " (Matter of Allen v Boswell, 149 AD3d 1528, 1528 [4th Dept 2017], lv denied 30 NY3d 902 [2017]). We conclude that there was a change in circumstances based on the undisputed evidence at the hearing of domestic violence in the mother's household (see id. at 1528-1529; Matter of Belcher v Morgado, 147 AD3d 1335, 1336 [4th Dept 2017]), the mother's frequent changes of residence (see Matter of Siler v Wright, 64 AD3d 926, 928-929 [3d Dept 2009]; Matter of Green v Perry, 18 AD3d 923, 924 [3d Dept 2005]), and the child's repeated changes of school (see Matter of Stanton v Kelso, 148 AD3d 1809, 1810 [4th Dept 2017]). Contrary to the mother's further contention, there is a sound and substantial basis in the record for the court's determination that awarding the father primary physical placement of the child is in the child's best interests (see generally Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court