Matter of Biernbaum v Burdick (2018 NY Slip Op 04489)





Matter of Biernbaum v Burdick


2018 NY Slip Op 04489


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.


782 CAF 17-00983

[*1]IN THE MATTER OF ROBERT M. BIERNBAUM, PETITIONER-RESPONDENT,
TERESA M. PARE, ESQ., ATTORNEY FOR THE CHILDREN, APPELLANT. 






KELLY WHITE DONOFRIO LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR RESPONDENT-APPELLANT.
TERESA M. PARE, CANANDAIGUA, ATTORNEY FOR THE CHILDREN, APPELLANT PRO SE.
BARNEY & AFFRONTI, LLP, ROCHESTER (BRIAN J. BARNEY OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeals from an order of the Family Court, Ontario County (Stephen D. Aronson, A.J.), entered April 13, 2017 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, continued joint custody. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother and the Attorney for the Children (AFC) appeal from an order that continued joint custody of the parties' children and granted the father's amended petition to modify the existing custody and visitation schedule so that each party would have custody of the children for an equal amount of time. We conclude that the mother waived her contention that the father failed to establish a change of circumstances warranting an inquiry into the best interests of the children inasmuch as the mother alleged in her own cross petition that there had been such a change in circumstances (see Panaro v Panaro, 133 AD3d 1306, 1307 [4th Dept 2015]). In any event, we agree with the father that he established the requisite change of circumstances based on the increasing animus between the parties, the deterioration of the father's relationship with the children and the psychological issues that had arisen with one of the children (see Fermon v Fermon, 135 AD3d 1045, 1046 [3d Dept 2016]; Matter of O'Loughlin v Sweetland, 98 AD3d 983, 984 [2d Dept 2012]; Matter of Stilson v Stilson, 93 AD3d 1222, 1223 [4th Dept 2012]).
Contrary to the contention of the mother and the AFC, we conclude that Family Court did not err in modifying the parties' prior agreement with respect to the custody and visitation schedule. The record establishes that the court's determination resulted from a "careful weighing of [the] appropriate factors . . . , and . . . has a sound and substantial basis in the record" (Matter of Talbot v Edick, 159 AD3d 1406, 1407 [4th Dept 2018] [internal quotation marks omitted]; see generally Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]).
We reject the AFC's contention that the court erred in failing to consider the preferences of the children. Although the express wishes of the children are entitled to great weight, the " [c]ourt is . . . not required to abide by the wishes of a child to the exclusion of other factors in the best interests analysis' " (Matter of Marino v Marino, 90 AD3d 1694, 1696 [4th Dept 2011]). [*2]Here, the court did not err in failing to abide by the wishes of the children inasmuch as there is evidence in the record that the mother's animus toward the father had negatively affected the children's relationship with him, and the court-appointed psychologist opined that the children's interests would be best served by an equal split in time between the parties (see Sheridan v Sheridan, 129 AD3d 1567, 1568-1569 [4th Dept 2015]; Marino, 90 AD3d at 1696).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court