Matter of Keller v Keller (2019 NY Slip Op 07157)





Matter of Keller v Keller


2019 NY Slip Op 07157


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


779 CAF 18-00056

[*1]IN THE MATTER OF CASEY KELLER, PETITIONER-RESPONDENT,
v
JESSICA M. KELLER, RESPONDENT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT.
STUART J. LAROSE, SYRACUSE, FOR PETITIONER-RESPONDENT. 
MICHAEL J. KERWIN, MANLIUS, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Karen Stanislaus, R.), entered November 29, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order granting petitioner father sole legal and physical custody of the subject child. Contrary to the mother's contention, we conclude that the father established the requisite change in circumstances sufficient to warrant an inquiry into whether the existing custody arrangement was in the best interests of the child. It is well settled that "the continued deterioration of the parties' relationship is a significant change in circumstances justifying a change in custody" (Matter of Gaudette v Gaudette, 262 AD2d 804, 805 [3d Dept 1999], lv denied 94 NY2d 790 [1999]; see Lauzonis v Lauzonis, 120 AD3d 922, 924 [4th Dept 2014]). Here, the evidence at the hearing established that "the parties have an acrimonious relationship and are not able to communicate effectively with respect to the needs and activities of their
child[ ], and it is well settled that joint custody is not feasible under those circumstances" (Leonard v Leonard, 109 AD3d 126, 128 [4th Dept 2013]). Contrary to the mother's further contention, Family Court did not err in granting sole legal and physical custody to the father. "The court's determination with respect to the child's best interests is entitled to great deference and will not be disturbed [where, as here,] it is supported by a sound and substantial basis in the record' " (Matter of Ladd v Krupp, 136 AD3d 1391, 1393 [4th Dept 2016]; see Williams v Williams, 100 AD3d 1347, 1348 [4th Dept 2012]). Finally, the mother's contention that reversal is warranted because the court was biased against her is unpreserved for our review inasmuch as "[s]he failed to make a motion asking the court to recuse itself" (Matter of Shonyo v Shonyo, 151 AD3d 1595, 1596 [4th Dept 2017], lv denied 30 NY3d 901 [2017]), but we would be remiss in failing to admonish the Referee, the Attorney for the Child, and the mother's own counsel for their unseemly conduct and unprofessional comments throughout the hearing. While we acknowledge that Family Court matters can be emotional and taxing on the parties, that is not an excuse for a lapse in courtroom decorum from the attorneys and professionals in attendance. In any event, we conclude that the mother's contention lacks merit inasmuch as the record does not establish that the court was biased or prejudiced against her (see Matter of Kaylee D. [Kimberly D.], 154 AD3d 1343, 1343 [4th Dept 2017]), despite the Referee's intemperate remarks.
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court