Matter of Lesinski v Ciamaga (2020 NY Slip Op 00945)





Matter of Lesinski v Ciamaga


2020 NY Slip Op 00945


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


152 CAF 19-01287

[*1]IN THE MATTER OF JENNIFER LESINSKI, PETITIONER-RESPONDENT,
v
JASON CIAMAGA, RESPONDENT-APPELLANT.
-
IN THE MATTER OF JASON CIAMAGA, PETITIONER-APPELLANT,
v
JENNIFER LESINSKI, RESPONDENT-RESPONDENT.







GAUGHAN & FRIEDMAN ATTORNEYS, HAMBURG (R.J. FRIEDMAN OF COUNSEL), FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT. 
WYOMING COUNTY-LEGAL AID BUREAU, WARSAW (MARK A. ADRIAN OF COUNSEL), FOR PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT. 
JOHN F. WHITING, LEROY, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Wyoming County (Michael F. Griffith, J.), entered December 21, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted the parties joint custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this custody proceeding pursuant to article 6 of the Family Court Act, respondent-petitioner father appeals from an order that, inter alia, granted the father and petitioner-respondent mother joint custody of their two children with primary physical residence with the mother. The father contends that Family Court's determination is not in the children's best interests and that he should be awarded sole custody of the children or, alternatively, that he should be awarded primary physical custody. We reject that contention. "The court's determination in a custody matter is entitled to great deference and will not be disturbed where, as here, it is based on a careful weighing of appropriate factors" (Matter of Stevenson v Smith, 145 AD3d 1598, 1598 [4th Dept 2016] [internal quotation marks omitted]; see generally Eschbach v Eschbach, 56 NY2d 167, 172-174 [1982]). Contrary to the father's further contention that the court improperly relied on allegations that were not substantiated during the custody hearing, we conclude that the court's determination is supported by a sound and substantial basis in the hearing record (see generally Matter of Cross v Caswell, 113 AD3d 1107, 1107 [4th Dept 2014]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court