Matter of Foster v Ouderkirk (2020 NY Slip Op 05370)





Matter of Foster v Ouderkirk


2020 NY Slip Op 05370


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


670 CAF 18-01663

[*1]IN THE MATTER OF THOMAS J. FOSTER, PETITIONER-APPELLANT,
v
MELISSA M. OUDERKIRK, RESPONDENT-RESPONDENT.
IN THE MATTER OF MELISSA M. OUDERKIRK, PETITIONER-RESPONDENT,
v
THOMAS J. FOSTER, RESPONDENT-APPELLANT. 






TYSON BLUE, MACEDON, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT. 
ROY G. FRANKS, MARION, FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Wayne County (L. Paul Kehoe, J.H.O.), entered August 8, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, ordered that the parties shall continue to have joint legal custody of the subject child and respondent-petitioner shall continue to have primary physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this custody proceeding pursuant to article 6 of the Family Court Act, petitioner-respondent father appeals from an order of Family Court that, inter alia, continued primary physical custody of the parties' child with respondent-petitioner mother. We affirm.
"The court's determination in a custody matter is entitled to great deference and will not be disturbed where, as here, it is based on a careful weighing of appropriate factors" (Matter of Stevenson v Smith, 145 AD3d 1598, 1598 [4th Dept 2016] [internal quotation marks omitted]; see generally Eschbach v Eschbach, 56 NY2d 167, 172-174 [1982]). As the court noted in its decision, "both parties are fit parents who love the subject child and are determined to act in his best interests." Although an award of primary physical custody to the father would not have been unreasonable based on the evidence adduced at the hearing, we nevertheless conclude that there is a sound and substantial basis in the record for the court's determination that it is in the child's best interests to continue his primary physical residence with the mother (see Stevenson, 145 AD3d at 1599).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court