Matter of Menard v Roberts (2021 NY Slip Op 02947)





Matter of Menard v Roberts


2021 NY Slip Op 02947


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


479 CAF 19-02103

[*1]IN THE MATTER OF FRANCIS D. MENARD, PETITIONER-APPELLANT,
v
CHRISTINA M. ROBERTS, RESPONDENT-RESPONDENT. 






SCOTT T. GODKIN, WHITESBORO, FOR PETITIONER-APPELLANT.
JOHN G. KOSLOSKY, UTICA, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Oneida County (Paul M. Deep, J.), entered October 7, 2019 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, modified a prior order by allowing respondent to reside in Herkimer County with the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father filed a violation petition and a modification petition. Pursuant to a prior order entered on their consent, the parties had joint legal custody of the subject child, respondent mother had primary residential custody of the child, the father had such visitation as could be agreed upon by the parties, and neither party could relocate the child outside of Oneida County without a court order or the written consent of the other party. The father now appeals from an order that, inter alia, determined that the mother violated the prior order by moving to Herkimer County without a court order or his written consent but that such violation was not willful, and modified the prior order by permitting the mother and child to continue residing in Herkimer County.
The father contends that Family Court should have imposed a punishment for the mother's violation of the prior order (see Judiciary Law § 753 [A]). Although we agree with the father that "wilfulness is not an element of civil contempt" (El-Dehdan v El-Dehdan, 26 NY3d 19, 35 [2015]), we conclude that the court did not abuse its discretion in failing to impose sanctions for the mother's violation of the prior order (see Matter of Amrane v Belkhir, 141 AD3d 1074, 1076-1077 [4th Dept 2016]; Matter of Kirkpatrick v Kirkpatrick, 137 AD3d 1695, 1696 [4th Dept 2016]). The mother offered to give residential custody of the child to the father in Oneida County instead of relocating the child with her to Herkimer County, but the father refused her offer. The mother thereafter obtained the father's verbal consent to move to Herkimer County. Six months after the mother rented an apartment in Herkimer County, the father complained for the first time to the mother of her move and then filed his petition asserting that the mother's move constituted a violation of the prior order.
The father further contends that the court's modification of the prior order lacks a sound and substantial basis in the record. We conclude that the father is not aggrieved by the court's determination that he met his burden of establishing the requisite change of circumstances necessary for the modification of the prior order (see Matter of Alwardt v Connolly, 183 AD3d 1252, 1252 [4th Dept 2020], lv denied 35 NY3d 910 [2020]; see also Matter of Stanton v Kelso, 148 AD3d 1809, 1809-1810 [4th Dept 2017]). With respect to the best interests of the child, the court carefully weighed the appropriate factors, and we see no basis for disturbing its determination permitting the mother and child to continue residing in Herkimer County (see Stanton, 148 AD3d at 1809-1810).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court