Matter of Narolis v Lewis (2021 NY Slip Op 07439)





Matter of Narolis v Lewis


2021 NY Slip Op 07439


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, AND BANNISTER, JJ.


1062 CAF 20-01144

[*1]IN THE MATTER OF ASHLEY NAROLIS, PETITIONER-RESPONDENT,
v
LORNE B. LEWIS, JR., RESPONDENT-APPELLANT.

IN THE MATTER OF LORNE B. LEWIS, JR., PETITIONER-APPELLANT,ASHLEY NAROLIS, RESPONDENT-RESPONDENT. 






SCOTT T. GODKIN, WHITESBORO, FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.
KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered August 17, 2020 in proceedings pursuant to Family Court Act article 6. The order, among other things, adjudged that the parties share joint custody of the subject child with the child's primary residence with petitioner-respondent Ashley Narolis. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner father appeals from an order that, inter alia, granted petitioner-respondent mother's petition to modify a prior order of custody by granting her primary residential custody of the child. "The court's determination in a custody matter is entitled to great deference and will not be disturbed where, as here, it is based on a careful weighing of appropriate factors" (Matter of Stevenson v Smith, 145 AD3d 1598, 1598 [4th Dept 2016] [internal quotation marks omitted]; see generally Eschbach v Eschbach, 56 NY2d 167, 172-174 [1982]). As Family Court noted in its decision, both parents love the subject child, but both parents have their challenges. Many of the factors do not favor one parent over the other, but we agree with the court's conclusion that the evidence presented at the hearing establishes that the mother is better able to provide for the child's educational and medical needs (see generally Matter of Schram v Nine, 193 AD3d 1361, 1361-1362 [4th Dept 2021], lv denied 37 NY3d 905 [2021]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court