Matter of Fowler v Fowler (2022 NY Slip Op 03849)

Matter of Fowler v Fowler

2022 NY Slip Op 03849

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

492 CAF 20-01287

[*1]IN THE MATTER OF BRANDY FOWLER, PETITIONER-RESPONDENT,
v
ERIC FOWLER, RESPONDENT-APPELLANT. 

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT.
MICHELLE M. SCUDERI, WATERTOWN, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Lewis County (Anthony M. Neddo, A.J.), entered August 25, 2020 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, found that respondent had violated an order of custody and parenting time. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that, inter alia, determined that he violated a prior order of custody and parenting time, which provided, as relevant here, that the parties were prohibited from disparaging each other in the presence of the child in a manner that might alienate the child's affection toward the other party and that they were prohibited from discussing litigation involving the child in her presence. Contrary to the father's contention, Family Court properly determined that he violated a lawful and unequivocal mandate of the court that was in effect, that he had actual knowledge of the terms of the prior order of custody and visitation, and that his actions caused prejudice to a right of the mother (see Matter of Ferguson v LeClair, 191 AD3d 1380, 1381 [4th Dept 2021], appeal dismissed 37 NY3d 926 [2021]; Matter of Fruchthandler v Fruchthandler, 161 AD3d 1151, 1153 [2d Dept 2018]). The evidence established that the father had knowledge of the terms of the order, that he nonetheless spoke to the child about upcoming proceedings that might alter her custody arrangement and also told the child that the mother engaged in certain inappropriate behavior while in the child's presence, and that his actions caused the mother's relationship with the child to deteriorate. Moreover, contrary to the father's assertion, a finding of willfulness by the court was not necessary (see Matter of Menard v Roberts, 194 AD3d 1427, 1428 [4th Dept 2021]). We have considered the father's remaining contentions and conclude they are without merit.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court