Matter of Johnson v Forty (2023 NY Slip Op 01405)

Matter of Johnson v Forty

2023 NY Slip Op 01405

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND OGDEN, JJ.

159 CAF 21-01326

[*1]IN THE MATTER OF TOURE HENDERSON JOHNSON, PETITIONER-APPELLANT,
v
FLOR FORTY (ALSO KNOWN AS FLOR FORTY CRUZ AND FLOR EASTON), AND GLORIA D. HENDERSON, RESPONDENTS-RESPONDENTS.
IN THE MATTER OF FLOR FORTY (ALSO KNOWN AS FLOR FORTY CRUZ AND FLOR EASTON), PETITIONER-RESPONDENT,
v
TOURE HENDERSON JOHNSON, RESPONDENT-APPELLANT, AND GLORIA D. HENDERSON, RESPONDENT-RESPONDENT. 
IN THE MATTER OF FLOR FORTY (ALSO KNOWN AS FLOR FORTY CRUZ AND FLOR EASTON), PETITIONER-RESPONDENT,
v
TOURE HENDERSON JOHNSON, RESPONDENT-APPELLANT.
IN THE MATTER OF TOURE HENDERSON JOHNSON, PETITIONER-APPELLANT,
v
FLOR FORTY (ALSO KNOWN AS FLOR FORTY CRUZ AND FLOR EASTON), RESPONDENT-RESPONDENT. 

MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.
FITZSIMMONS NUNN & PLUKAS, LLP, ROCHESTER (JOSEPH PLUKAS OF COUNSEL), FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT. 
MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Fatimat O. Reid, J.), entered August 27, 2021 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole custody and primary physical residence of the subject child to respondent-petitioner Flor Forty (also known as Flor Forty Cruz and Flor Easton). 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner-respondent father appeals from an order that modified a prior order of custody and [*2]visitation by, inter alia, granting respondent-petitioner mother sole custody and primary physical residence of the subject child, with visitation to the father. We affirm for reasons stated in the "decision and order" at Family Court. We write only to address two issues. First, contrary to the mother's contention, the appeal, in which the father challenges only the court's custody determination, has not been rendered moot by a subsequent order entered upon the consent of the parties inasmuch as the mother's petition prompting the subsequent order sought to modify the visitation provisions only and the transcript of the subsequent proceeding establishes that the father "consented only to that part of [the] subsequent order concerning [the modification of] his visitation rights" (Matter of Foster v Bartlett, 59 AD3d 976, 977 [4th Dept 2009], lv denied 12 NY3d 710 [2009]; see Matter of Wayman v Ramos, 88 AD3d 1237, 1238-1239 [3d Dept 2011], lv dismissed 18 NY3d 868 [2012]; Matter of Deuel v Dalton, 33 AD3d 1158, 1159 [3d Dept 2006]; cf. Matter of Gorski v Phalen [appeal No. 2], 187 AD3d 1670, 1671 [4th Dept 2020]; Matter of Wallace v Eure, 181 AD3d 1329, 1329 [4th Dept 2020], lv denied 35 NY3d 915 [2020]). Second, inasmuch as the father expressly sought to modify the prior order and agreed at the hearing that such prior order was the last order to determine custody, he waived his contention now raised on appeal that the court should have conducted its threshold inquiry whether there had been a sufficient change in circumstances from the date of a different order (see generally Panaro v Panaro, 133 AD3d 1306, 1307 [4th Dept 2015]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court