Matter of Seeley-Sick v Allison (2025 NY Slip Op 01747)

Matter of Seeley-Sick v Allison

2025 NY Slip Op 01747

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

221 CAF 24-00748

[*1]IN THE MATTER OF LAURA A. SEELEY-SICK, PETITIONER-APPELLANT,
v
JASON PAUL ALLISON, RESPONDENT-RESPONDENT. 

CAITLIN M. CONNELLY, BUFFALO, FOR PETITIONER-APPELLANT.
EDWARD F. MURPHY, III, HAMMONDSPORT, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Livingston County (Kevin Van Allen, J.), entered March 6, 2024, in a proceeding pursuant to Family Court Act article 6. The order, among other things, denied the petition. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the ordering paragraph and as modified the order is affirmed without costs and the matter is remitted to Family Court, Livingston County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that, among other things, denied her petition to enforce visitation pursuant to a prior court order and ordered that, until the mother completes domestic violence counseling or no longer resides with her husband, respondent father shall not be required to allow the mother to have supervised visitation with the children.
We reject the mother's contention that Family Court erred in failing to find the father in civil contempt for violating the visitation provisions of the prior court order. Initially, we agree with the mother that a finding of willfulness by the court was not necessary inasmuch as it is not an element of civil contempt (see Matter of Fowler v Fowler, 206 AD3d 1718, 1718 [4th Dept 2022], lv dismissed 39 NY3d 926 [2022]; Matter of Menard v Roberts, 194 AD3d 1427, 1428 [4th Dept 2021]). Nonetheless, the evidence at the hearing established that the purported violations of the prior order were the result of the children's refusal to comply with the order and not the result of any action taken by the father (see Matter of Unczur v Welch, 159 AD3d 1405, 1405-1406 [4th Dept 2018], lv denied 31 NY3d 909 [2018]; Matter of James XX. v Tracey YY., 146 AD3d 1036, 1038 [3d Dept 2017]).
We conclude that the mother waived her contention that the father failed to establish a change of circumstances warranting an inquiry into the best interests of the children inasmuch as the mother alleged in her own petition that there had been such a change in circumstances (see Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]; see generally Panaro v Panaro, 133 AD3d 1306, 1307 [4th Dept 2015]). We agree with the mother, however, that the court erred in conditioning her visitation upon either her participation in domestic violence counseling or that she no longer reside with her husband (see generally Matter of Derek KK. v Jennifer KK., 196 AD3d 765, 768 [3d Dept 2021]; Matter of Ordona v Cothern, 126 AD3d 1544, 1546 [4th Dept 2015]). We therefore modify the order accordingly, and we remit the matter to Family Court to fashion a specific and definitive schedule for visitation, if any, between the mother and the children.
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court