Matter of Tuttle v Worthington (2025 NY Slip Op 04340)

Matter of Tuttle v Worthington

2025 NY Slip Op 04340

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

451 CAF 24-00545

[*1]IN THE MATTER OF KATRINA TUTTLE, PETITIONER-RESPONDENT,
v
KRISTINE WORTHINGTON, DONALD WORTHINGTON, AND ANDREW WORTHINGTON, RESPONDENTS-APPELLANTS. ——————————————————————-—- MICHAEL J. CAPUTO, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 

KAMAN BERLOVE LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR RESPONDENTS-APPELLANTS KRISTINE WORTHINGTON AND DONALD WORTHINGTON.
THOMAS L. PELYCH, HORNELL, FOR RESPONDENT-APPELLANT ANDREW

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeals from an order of the Family Court, Allegany County (Terrence M. Parker, J.), entered March 7, 2024, in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that primary placement of the subject child shall remain with petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner mother commenced this proceeding pursuant to Family Court Act article 6 seeking modification of a prior order that awarded joint custody of the subject child to her, respondent Andrew Worthington (father), and respondents Kristine Worthington and Donald Worthington (grandparents), with "primary placement" of the child with the grandparents and "secondary placement" with the mother and with the father. In her amended petition for a change in custody, the mother sought a continuation of the joint custody arrangement but modification of the child's placement with primary placement of the child awarded to the mother.
On a prior appeal, we determined that Family Court erred in concluding that the grandparents had not established extraordinary circumstances giving them standing to contest the mother's amended petition (Matter of Tuttle v Worthington [appeal No. 2], 219 AD3d 1142, 1144 [4th Dept 2023]). We therefore reversed the order awarding primary placement of the child to the mother and remitted the matter for a new hearing on her amended petition to determine solely whether the relief "sought by the mother [is] in the best interests of the child" (id. at 1145).
Thereafter, the court issued a temporary order awarding custody of the child to the mother pending the best interests hearing. Following the hearing, the court, among other things, determined that it was in the child's best interests to continue primary placement with the mother. The father, the grandparents, and the Attorney for the Child (AFC) (collectively, appellants) now appeal from the resulting order, and we affirm.
Initially, inasmuch as the court entered a final order of custody, the AFC's challenge to the temporary order is moot (see Matter of Brooks v Greene, 153 AD3d 1621, 1622 [4th Dept 2017]; Posporelis v Posporelis, 41 AD3d 986, 988 [3d Dept 2007]).
We reject appellants' contention that it is in the child's best interests to award primary placement of the child to the grandparents. "The court's determination in a custody matter is entitled to great deference and will not be disturbed where, as here, it is based on a careful weighing of appropriate factors" (Matter of Foster v Ouderkirk, 187 AD3d 1573, 1573 [4th Dept 2020] [internal quotation marks omitted]). We conclude that there is a sound and substantial basis in the record for the court's determination that it is in the child's best interests to continue primary placement of the child with the mother (see id. at 1574; Matter of Tarrant v Ostrowski, 96 AD3d 1580, 1582 [4th Dept 2012], lv denied 20 NY3d 855 [2013]).
Next, the grandparents' contention concerning the court's alleged bias is unpreserved for our review because they failed to make a motion for the court to recuse itself (see Matter of Shonyo v Shonyo, 151 AD3d 1595, 1596 [4th Dept 2017], lv denied 30 NY3d 901 [2017]). In any event, we conclude that their contention is without merit. The record reveals that "the court listened to the testimony, treated the parties fairly, and, contrary to the [grandparents'] contention, did not have a predetermined outcome of the case in mind during the hearing" (Matter of Detwiler v Detwiler, 145 AD3d 778, 781 [2d Dept 2016]; see Shonyo, 151 AD3d at 1596-1597).
Finally, we are compelled to remind the Family Court Judge that the AFC's role is to be the advocate for the child, not a neutral observer (see 22 NYCRR 7.2 [d]; Matter of Rotundo v Deptola, 232 AD3d 1323, 1324 [4th Dept 2024]). To the extent that the Judge determined that the AFC's conduct exhibited an improper bias in favor of the
grandparents over the mother, we disagree and conclude that such conduct was a proper function of his role as the child's advocate.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court